UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINCENT MARK CASTILLO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-0043** |
| **ST. CHARLES CORRECTIONAL CENTER, ET AL.** | **SECTION "D" (3)** |

### REPORT AND RECOMMENDATION

Plaintiff, Vincent Mark Castillo, a state prisoner, filed this *pro se* and *in forma pauperis* complaint in the Louisiana Twenty-Ninth Judicial District Court naming as defendants the St. Charles Correctional Center, the St. Charles Sheriff's Department, Greg Champagne, John Nowak, Troy Self, Lt. Bernadette Martinez,[1] Shannon Brooks, Sonya Jones-Walker, Clint Leblanc, Steven Fontenot, Sgt. Jones,[2] Deputy Terrence Bechet,[3] Deputy Danny,[4] Deputy Tyrone Gomez,[5] B. Mattherne, Leroy Hunter, "undetermined parties of responsibility," the Twenty-Ninth Judicial

---

[1]  Lt. Bernadette Martinez was sued as "Unknown Martinez."

[2]  Sgt. Jones was sued as "Unknown Jones."

[3]  Deputy Terrence Bechet was sued as "Unknown Bechet."

[4]  Deputy Danny was sued as "Danny Unknown."

[5]  Deputy Tyrone Gomez was sued as "Unknown Gomez."

District Court for the Parish of St. Charles, Clerk of Court, Charles J. Oubre, Jr., Trina Williams, the State of Louisiana, and the United States Postal Service.  Although 28 U.S.C. § 1915(g) bars plaintiff from filing *in forma pauperis* complaints or appeals directly in federal court because of his long history of frivolous litigation,[6] he is nevertheless back in this Court by virtue of the Assistant United States Attorney's decision to remove this matter from state court.[7]  This Court will now address the pending motions to dismiss.

## Rule 12(b)(1) Motion, Rec. Doc. 3

Promptly after removing this matter, the United States Postal Service filed a Motion to Dismiss pursuant to Rule 12(b)(1).[8]  Plaintiff was ordered to file a memorandum in opposition to that motion,[9] but he has not done so.

In the complaint, plaintiff makes only the following allegation against the United States Postal Service:  "Upon Castillo's release, the United States Postal Service failed to honor a change of address and forward Castillo's mail, legal or otherwise."[10]  The Postal Service argues that the Court lacks jurisdiction over that claim because (1) the Postal Service has not consented to be sued for such a claim, and (2) plaintiff failed to exhaust an administrative tort claim prior to filing this lawsuit.

---

[6] Castillo v. Louisiana, 108 Fed. App'x 156 (5th Cir. 2004), cert. denied, 126 S.Ct. 227 (2005).

[7] Rec. Doc. 1.

[8] Rec. Doc. 3.

[9] Rec. Doc. 4.

[10] See ¶ XII of plaintiff's complaint.

2

The United States Supreme Court recently noted that the United States Postal Service is an independent establishment of the executive branch of the Government of the United States and, therefore, "enjoys federal sovereign immunity absent a waiver." Dolan v. United States Postal Service, 126 S.Ct. 1252, 1255-56 (2006). That sovereign immunity has not been waived with respect to claims, such as the one asserted by plaintiff, "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); see also Dolan, 126 S.Ct. at 1256; Insurance Company of North America v. United States Postal Service, 675 F.2d 756, 759 (5th Cir. 1982); Pruitt v. United States Postal Service, 817 F. Supp. 807, 808 (E.D. Mo. 1993). Accordingly, sovereign immunity deprives this Court of jurisdiction over plaintiff's claim and, as a result, the claim against the Postal Service should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

Alternatively, even if the claim were not barred by sovereign immunity, the Postal Service is also correct in arguing that the claim would be barred because plaintiff failed to first pursue an administrative claim. Attached to defendant's motion is the declaration of Gregory J. Gaines, the Acting Torts Claim Coordinator of the United States Postal Service in the Louisiana District.[11] In that declaration, Gaines states: "The Postal Service has never received an administrative claim filed by or on behalf of the named Plaintiff." Because filing such a claim is a prerequisite to maintaining an action under the Federal Torts Claims Act, the complaint is alternatively subject to dismissal based on plaintiff's failure to comply with that requirement. Pruitt, 817 F. Supp. at 808.

### Rule 12(b)(6) Motion, Rec. Doc. 8

Sheriff Greg Champagne, Major John Nowak, Captain Troy Self, Lt. Bernadette Martinez, Sgt. Shannon Brooks, Sonya Jones-Walker, Clint Leblanc, Deputy Steve Fontenot, Sgt. Jones,

---

[11] Rec. Doc. 3, Exhibit A.

Deputy Mattherne, Deputy Hunter, Deputy Terrence Bechet, Deputy Danny, and Deputy Tyrone Gomez have filed a motion to dismiss for failure to state a claim on the ground that plaintiff's claims are prescribed.[12] The United States Fifth Circuit Court of Appeals has noted:

> Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) (citations omitted). "When ruling on a rule 12(b)(6) motion, the court must liberally construe the complaint in favor of the plaintiff and assume the truth of all pleaded facts." Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). A defendant may raise a statute-of-limitations defense in a Rule 12(b)(6) motion. Cross v. Lucius, 713 F.2d 153, 156 (5th Cir. 1983).

A one-year prescriptive period applies in this case. La. Civ. Code art. 3492. Defendants note that the claims asserted against them occurred at various times between November 25, 2004, and December 13, 2004. They argue that because the instant complaint was not filed until December 9, 2005, all claims which relate to acts occurring before December 9, 2004, should be dismissed as prescribed.

Plaintiff has opposed defendants' motion.[13] He argues that he placed his complaint in the prison's mailing system on November 21, 2005, and that, under the "mailbox rule" applicable to prisoners, his complaint is considered filed as of that date, which fell within the one-year prescriptive period.

---

[12] Rec. Doc. 8.

[13] Rec. Doc. 11.

4

Plaintiff has cited no authority for his proposition that the "mailbox rule" applies to this civil complaint filed in state court. Although there appears to be scant authority on this subject, the Louisiana jurisprudence indicates that plaintiff's argument is not well founded. It is true that, in some contexts, Louisiana courts have applied in civil cases the "mailbox rule" recognized in the federal courts in Houston v. Lack, 487 U.S. 266 (1988), and its progeny. For example, in cases seeking judicial review of administrative proceedings, the Louisiana First Circuit Court of Appeal has held that the "mailbox rule" applies to filings by *pro se* inmates. Shelton v. Louisiana Department of Corrections, 691 So.2d 159 (La. App. 1st Cir. 1997); Tatum v. Lynn, 637 So.2d 796 (La. App. 1st Cir. 1994). However, plaintiff's lawsuit is not such a case. This Court has located only one reported Louisiana case which dealt with the "mailbox rule" in a regular civil lawsuit: Richardson v. Say, 740 So.2d 771 (La. App. 2nd Cir. 1999). In that case, the Louisiana Second Circuit Court of Appeal ruled that Shelton and Tatum were inapplicable because they dealt with prisoners seeking judicial review. The court then held that the "mailbox rule" did not apply in the personal injury action before it.[14]

Based on Richardson, this Court is of the opinion that the "mailbox rule" would not apply to plaintiff's lawsuit. Therefore, the Court agrees with defendants that at least some of plaintiff's claims were prescribed at the time his lawsuit was actually filed in the state court on December 9, 2005. Accordingly, the Court must determine which of plaintiff's disparate claims are prescribed.

---

[14] The Court is aware that in another civil case the Louisiana Third Circuit Court of Appeal noted that the "mailbox rule" *might* apply in some circumstances; however, that comment was *dicta*. Davis v. Huey P. Long Regional Medical Center, 841 So.2d 7, 12 (La. App. 3rd Cir. 2003).

Based on its review of the complaint, the Court finds that the following claims relate to events which occurred prior to December 9, 2004, and were therefore prescribed at the time plaintiff filed his lawsuit:

(1) Plaintiff's claims regarding the conditions of his confinement for the period of November 25-29, 2004;[15]

(2) Plaintiff's claim that he was forced to stand naked in a cold cell for approximately six hours on November 29, 2004;[16]

(3) Plaintiff's claim that he was denied access to a telephone on December 1, 2004;[17] and

(4) Plaintiff's claim that the lights were kept on all night on December 1, 2004.[18]

At a minimum, defendants' motion should be granted with respect to those claims, and those claims should be dismissed as prescribed. The Court notes that plaintiff does not clearly state when the various incidents giving rise to his other claims occurred. Therefore, it may be that other claims are also prescribed. Accordingly, it is recommended that defendants' motion be denied without prejudice with respect to the remaining claims. If evidence subsequently gleaned through discovery or otherwise reflects that any of the remaining claims are also prescribed, defendants may reurge their prescription defense as to those claims at that time.

---

[15] See ¶ XV of plaintiff's complaint.

[16] See ¶ XVI of plaintiff's complaint.

[17] See ¶ XVIII of plaintiff's complaint.

[18] See ¶ XX of plaintiff's complaint.

Rule 12(b)(5) Motion, Rec. Doc. 12

The State of Louisiana has filed a motion to dismiss for insufficiency of service of process.[19] Plaintiff was ordered to file a memorandum in opposition to that motion,[20] but he has not done so. For the following reasons, this Court finds that dismissal is appropriate whether state or federal law is applied.

The State argues that state law must be applied. If state law is controlling, plaintiff's lawsuit clearly should be dismissed. Louisiana law provides:

> *In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years*, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

La.Rev.Stat.Ann. § 13:5107(A) (emphasis added). State law further provides:

> *In all suits in which the state*, a state agency, or political subdivision, or any officer or employee thereof *is named as a party, service of citation shall be requested within ninety days of the commencement of the action* or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.

La.Rev.Stat.Ann. § 13:5107(D)(1) (emphasis added). Where a plaintiff fails to request service on the State within that ninety-day period, the claim against the State *shall* be dismissed without

---

[19] Rec. Doc. 12.

[20] Rec. Doc. 13.

prejudice, unless, pursuant to La. Code Civ. Proc. art. 1672(C), good cause is shown why service could not be requested within that period. La.Rev.Stat.Ann. § 13:5107(D)(2).

In light of the foregoing, state law required plaintiff to request service on the Louisiana Attorney General within ninety days of the commencement of his action. However, in his petition, filed on December 9, 2005, plaintiff did not request service on the Attorney General; rather, he requested service as follows: "State of Louisiana @ Capitol Station in Baton Rouge." The record reflects that the Clerk of the Twenty-Ninth Judicial District Court then issued summons as requested and that a deputy sheriff served that summons on December 22, 2004, on "State of Louisiana Dept of Corrections 504 Mayflower." The State correctly argues that no *proper* service was ever requested or effected on the Attorney General, and that the ninety-day period for such a request expired long ago.

Moreover, plaintiff has not shown good cause for his failure to request proper service within ninety days, and, pursuant to Barnett v. Louisiana State University Medical Center-Shreveport, 841 So.2d 725 (La. 2003), it is clear that he could not do so. In Barnett, the plaintiff filed suit against a state agency but requested service on the wrong agent for service of process. The Louisiana Supreme Court noted:

> Louisiana courts strictly construe the good cause requirement of article 1672(C). See Norbert v. Loucks, 01-1229 (La. 6/29/01), 791 So.2d 1283. Consequently, plaintiffs are strictly held to the obligation of serving the correct agent for service of process. See Conner v. Continental Southern Lines, 294 So.2d 485 (La. 1974) (holding that service of process on incorrect agent is illegal and without effect); Brooks v. Terry, 608 So.2d 1047 (La. App. 1st Cir. 1992) (annulling judgment against defendant who had been improperly served).

Barnett, 841 So.2d at 726. The Louisiana Supreme Court then noted that because § 13:5107 explicitly sets forth the service provisions at issue, "plaintiff could have discerned the proper agent

8

with minimal effort and cannot show good cause for the delay in proper service." Id. The court then held: "The requirement that service upon the defendant be requested within the 90-day period should reasonably be read to require an *accurate* request of service upon the *proper agent* for defendant." Id. (emphasis added). Because plaintiff had not requested service on the proper agent within ninety days, the Louisiana Supreme Court held that "dismissal without prejudice is required." Id.

In the similar case of Thomas v Louisiana Department of Public Safety and Corrections, 848 So.2d 635 (La. App. 1st Cir.), writ denied, 860 So.2d 552 (La. 2003), the Louisiana First Circuit Court of Appeal reached the same conclusion. In that case, plaintiff had requested service on the Secretary of State, who was not a proper agent for service of process for the defendant state agency. Plaintiff's lawsuit was later dismissed pursuant to § 13:5107(D). The Court of Appeal affirmed, holding that because plaintiff requested service on the wrong agent for service of process, his request was "void and without effect." Thomas, 848 So.2d at 639. Moreover, the court held that "mere confusion as to the proper agent for service of process does not constitute good cause for failing to request proper service." Lastly, the court held that plaintiff's action was not excused by the fact that plaintiff received notice that the Secretary of State had in fact been served, because the "notice to plaintiff that sheriff had made the **requested** service on the **wrong** agent did not relieve plaintiff of his duty to request service upon the **proper** party." Id. (emphasis in original).

In summary, if state law is controlling, dismissal is clearly warranted. This Court finds that plaintiff did not request service on the Louisiana Attorney General within ninety days of the commencement of this action as required by § 13:5107(D). Moreover, because the correct agent for service of process could have been easily discerned with minimal effort, he cannot show good cause

9

for failing to do so.  Further, the Court specifically notes that it is unmoved by the fact that plaintiff filed this action *pro se.*  Louisiana jurisprudence does not reflect that *pro se* litigants are exempt from the provisions of § 13:5107(D).  In fact, the contrary appears to be true.  See Davis v. Huey P. Long Regional Medical Center, 841 So.2d 7, 12 (La. App. 3rd Cir. 2003).  Nevertheless, even if *pro se* litigants might be afforded latitude in some circumstances, the instant case is not among them.  Although he is appearing *pro se*, plaintiff is hardly an inexperienced litigator.  Rather, he has litigated *numerous* actions, pursuing litigation at all levels of both the state and federal court systems.  He is an abusive and recreational litigator of the worst sort.  If plaintiff chooses to make a game of filing lawsuits, he clearly should be expected to know and follow the applicable rules.

The Court notes, however, that it is questionable under the circumstances of this case whether state law is in fact dispositive.  It has been held that in cases where proper service was not accomplished prior to removal and the state-mandated period for accomplishing service expired *prior* to removal, state law should control and the case should be dismissed.  See Oiler v. Biomet Orthopedics, Inc., No. 02-3778, 2003 WL 22228574, at *1-3 (E.D. La. Sept. 25, 2003); see also Sal Ciolino & Associates v. First Extended Service Corporation, 156 Fed. App'x 621 (5th Cir. 2005).  However, the instant case does not fall within that category of cases.  This case was removed to federal court on January 5, 2006, less than a month after it was filed in state court.  Therefore, because plaintiff's ninety-day period for service under state law had not yet expired at the time of removal, his claim against the State was not already "dead on arrival" at the federal courthouse.  Under these facts, arguably, federal law would control.  For example, federal law provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served

proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448; see also Fed.R.Civ.P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.").

Nevertheless, even if federal law is applied, plaintiff fares no better. Federal law is more generous, in that it allows one hundred twenty days for service. See Fed.R.Civ.P. 4(m). However, in the instant case, even that more generous federal period for service has elapsed, and plaintiff has not and cannot show good cause for failing to effect service within that period. Accordingly, even under federal law, the State of Louisiana is entitled to a dismissal of the claim against it.[21]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by the United States Postal Service, Rec. Doc. 3, be **GRANTED**, and that the claims against that defendant be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that the motion to dismiss filed by Sheriff Greg Champagne, Major John Nowak, Captain Troy Self, Lt. Bernadette Martinez, Sgt. Shannon Brooks, Sonya Jones-Walker, Clint Leblanc, Deputy Steve Fontenot, Sgt. Jones, Deputy Mattherne, Deputy Hunter, Deputy Terrence Bechet, Deputy Danny, and Deputy Tyrone Gomez, Rec. Doc. 8, be **GRANTED IN PART AND DENIED IN PART**. It is recommended that the motion be

---

[21] The Court also notes that it would not be inclined to grant an extension of time for plaintiff to effect service on that defendant. Plaintiff has never requested such an extension or made any effort to show good cause for his failure to effect proper service in a timely manner. Moreover, as previously noted, plaintiff is generally barred from being granted authorization under 28 U.S.C. § 1915 to proceed as a pauper in federal court. Castillo v. Louisiana, 108 Fed. App'x 156 (5th Cir. 2004), cert. denied, 126 S.Ct. 227 (2005). Therefore, he is not entitled to the mandatory appointment of the United States Marshal to effect service of his behalf. See Fed.R.Civ.P. 4(c)(2).

**GRANTED** with respect to plaintiff's claims that (1) his rights were violated by the conditions of his confinement for the period of November 25-29, 2004; (2) he was forced to stand naked in a cold cell for approximately six hours on November 29, 2004; (3) he was denied access to a telephone on December 1, 2004; and (4) the lights were kept on all night on December 1, 2004.  It is recommended that those claims be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted on the ground that the claims are prescribed.  It is recommended that the motion be **DENIED WITHOUT PREJUDICE** with respect to plaintiff's remaining claims against those defendants.

It is **FURTHER RECOMMENDED** that the motion to dismiss filed by the State of Louisiana, Rec. Doc. 12, be **GRANTED**, and that the claims against that defendant be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifteenth day of August, 2006.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**