UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT MARK CASTILLO                               CIVIL ACTION

VERSUS                                              NO. 06-0043

ST. CHARLES CORRECTIONAL                            SECTION "D" (3)
CENTER, ET AL.

## REPORT AND RECOMMENDATION

Plaintiff, Vincent Mark Castillo, a state prisoner, filed this *pro se* and *in forma pauperis* complaint in the Louisiana Twenty-Ninth Judicial District Court naming as defendants the St. Charles Correctional Center, the St. Charles Sheriff's Department, Greg Champagne, John Nowak, Troy Self, Lt. Bernadette Martinez, Shannon Brooks, Sonya Jones-Walker, Clint Leblanc, Steven Fontenot, Sgt. Jones, Deputy Terrence Bechet, Deputy Danny, Deputy Tyrone Gomez, B. Mattherne, Leroy Hunter, "undetermined parties of responsibility," the Twenty-Ninth Judicial District Court for the Parish of St. Charles, Clerk of Court, Charles J. Oubre, Jr., Trina Williams, the State of Louisiana, and the United States Postal Service. Although 28 U.S.C. § 1915(g) bars plaintiff from filing *in forma pauperis* complaints or appeals directly in federal court because of his long history of frivolous litigation,[1] this case was removed to this Court by the United States Postal Service.

---

[1] Castillo v. Louisiana, 108 Fed. App'x 156 (5th Cir. 2004), cert. denied, 126 S.Ct. 227 (2005).

On September 12, 2006, the claims against the United States Postal Service and the State of Louisiana were dismissed without prejudice. On that same date, the Court also dismissed with prejudice plaintiff's claims that (1) his rights were violated by the conditions of his confinement for the period of November 25-29, 2004; (2) he was forced to stand naked in a cold cell for approximately six hours on November 29, 2004; (3) he was denied access to a telephone on December 1, 2004; and (4) the lights were kept on all night on December 1, 2004. For the following reasons, the undersigned recommends that plaintiff's remaining claims now be dismissed for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Moreover, Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

More than thirty days ago, on September 1, 2006, mail sent by this Court to plaintiff at the Orleans Parish Prison, his address of record, was returned by the United States Postal Service as undeliverable.[2] On October 2, 2006, an employee of this Court contacted the Orleans Parish Prison by telephone and was advised that plaintiff was no longer incarcerated at that facility, having been released into the custody of the Jefferson Parish Correctional Center on May 28, 2006. The Court then contacted an official at that facility and was told that plaintiff is not at that facility either. Accordingly, the Court does not know if plaintiff has been released or is still incarcerated and, if so, where he is incarcerated, in that he has not filed a change of address with the Court since he was relocated to the Orleans Parish Prison in May, 2006.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail from this Court sent to plaintiff at his address of record has been returned as undeliverable, and plaintiff has failed to provide this Court with his current address. Due solely to plaintiff's failure, his whereabouts are unknown and, therefore, this Court has no way to schedule a conference in this matter or otherwise advance his case on the docket.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being

---

[2] Rec. Doc. 19.

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___3rd___ day of October, 2006.

                                                **DANIEL E. KNOWLES, III**
                                                **UNITED STATES MAGISTRATE JUDGE**